Morrell *v.* Kimball.

---

MORRELL, PETITIONER FOR REVIEW, *v.* KIMBALL.

Where a witness, whose testimony was in favour of the prevailing party in a cause, is afterwards convicted of perjury in giving such testimony, the Court, in the exercise of its discretion under *Stat.* 1791. *ch.* 17.[*Revised Statutes ch.* 57.] will grant a writ of review.

And this too, although the witness were summoned by the party against whom the verdict was returned.

At the trial of an action pending between the parties, the respondent obtained a verdict, principally by means of the testimony of one *Philbrook,* whom the petitioner himself had called as a witness, and who was afterwards tried and convicted of perjury in the same testimony; whereupon the petitioner prayed that a writ of review might be granted him, because of the perjury by which the former verdict was obtained.

*Bond*, for the petitioner, argued that the writ ought to be grant-ed, its object being the advancement of substantial justice, which had not yet been done between the parties; and this being the primary object and ruling principle on which Courts act in grant-ing or refusing new trials.    And he cited 1 *Dall.* 234. *Stat.* 1791. *ch.* 17.    *Coffin v. Abbott*, 7 *Mass.* 252.    *Rice v. Shute*, 5 *Burr.* 2611. 2 *H. Bl.* 695.    *Frabrilius v. Cock* 3 *Burr.* 1771.    *Lofft*, 160 1. *Bos. & Pul.* 427.

*Orr* and *Emmons è contra*, contended that the petitioner ought not to be admitted thus to discredit his own witness and to avail himself of a conviction procured by himself;—*Rex v. Boston*, 4 *East* 572.—and that it was against the whole series of judicial decisions to set aside a verdict in order to give the party an op-portunity of impeaching the credit of the witnesses sworn at a former trial.    *Bunn v. Hoyt*, 3 *Johns.* 253.    *Turner and al. v. Pearte*, 1 *D. & E.* 717.    *Halsey v. Watson*, 1 *Johns.* 24.    *Shum-way v. Fowler*, 4 *Johns.* 425.    *Duryee v. Dennison*, 5 *Johns.* 248. in which case *Fabrilius v. Cock* is doubted by *Kent J.*    2 *Salk.* 653.    12 *Mod.* 584.    *Sayer* 27.

WESTON J. afterwards delivered the opinion of the Court, as follows.

It has been made to appear in the present case highly proba-ble that in the action originally tried between these parties the petitioner for a review would have prevailed, but for the testi-mony of *Daniel Philbrook.*    It further appears that in giving this testimony *Philbrook* was guilty of wilful and corrupt perjury, of which he has been since convicted, and is now suffering the pun-ishment awarded against him.    Upon these facts the petitioner appeals to the legal discretion of this Court, praying that a writ of review may be granted him, that the cause may be again examined upon its merits, and that justice may be done between the parties.

Several objections have been urged against this application; first, that the petitioner was himself a witness against *Philbrook* upon his conviction; secondly, that it does not appear that the respondent was guilty of any improper conduct in regard to the testimony, or that he had any agency whatever in procuring him to swear falsely; and lastly that *Philbrook* was called and

examined by the petitioner, and that it is not competent for him to found his application upon an impeachment of the credit of his own witness. With regard to the first objection, it is intimated by the Judge who presided at the trial of *Philbrook* that in his opinion his conviction did not at all depend upon the testimony of the petitioner, who had no knowledge himself of the truth or falsity of the charge, but testified as to certain declarations of *Philbrook*, indicating an intention on his part to swear falsely, which the petitioner did not at that time believe.

If the judgment rendered against the petitioner was obtained by perjury, he is not the less injured because it was not committed in consequence of the procurement, subornation, or even privity of the adverse party. Though the latter may have been innocent of any charge of this nature at the time, it is more than questionable whether he can, *in foro conscientiœ*, continue to enjoy the fruits of the perjury, after it has been made apparent.

As to the last objection, it is clearly a rule of law that the party calling a witness shall not be permitted to attack his character by general evidence; yet he may, by other witnesses, disprove the facts to which he testifies. If therefore the facts thus testified to are directly proved to be false, there is no principle of law or of justice which prevents the party from availing himself of the truth of his case, although the credit of his own witness may thereby be impeached.

New trials have been frequently granted where there has been strong reason to suspect that perjury has been committed; much more ought they to be where the perjury has been clearly demonstrated.

It is further to be considered that this is an appeal to the discretion of the Court, in the exercise of which the utmost latitude is given by the statute. We are not therefore confined to the reasons which by settled rules are deemed to afford sufficient ground for granting new trials at common law, but are authorized to grant reviews upon petition, within the time limited, in all cases where we are satisfied that it would be for the furtherance of justice. As reviews no longer exist as a matter of right, it has become the more necessary that the Court should be governed by liberal principles in the exercise of their discretion, that there may be no occasion again to resort to the legislature

for the restoration of this process as a writ of right, which was formerly productive of much mischief in practice.

Upon a full consideration of this case, we are of opinion that the prayer of the petitioner ought to be granted, the costs to be subject to the future determination of the Court.

*Note.* The Chief Justice, having been of counsel with the petitioner at the trial of the action, gave no opinion in this cause.